1
2
3
4
5
6
7        UNITED STATES DISTRICT COURT

8           EASTERN DISTRICT OF CALIFORNIA

9

10

EMELITO EXMUNDO,                    ) 1:12-cv—00143-AWI-BAM-HC
11                                 )
              Petitioner,          ) FINDINGS AND RECOMMENDATIONS TO
12                                 ) DISMISS THE PETITION WITHOUT
                                   ) LEAVE TO AMEND (Doc. 1)
13      v.                         )
                                   ) FINDINGS AND RECOMMENDATIONS TO
14  R. H., TRIMBLE, Acting Warden,) DECLINE TO ISSUE A CERTIFICATE OF
                                   ) APPEALABILITY
15            Respondent.          )
                                   ) FINDINGS AND RECOMMENDATIONS TO
16  _____) DIRECT THE CLERK TO CLOSE THE
                                     CASE AND SEND A BLANK CIVIL
17                                   RIGHTS COMPLAINT FORM TO
                                     PETITIONER
18
                                     **OBJECTIONS DEADLINE:**
19                                   **THIRTY (30) DAYS**

20

21       Petitioner is a state prisoner proceeding pro se and in

22  forma pauperis with a petition for writ of habeas corpus pursuant

23  to 28 U.S.C. § 2254.  The matter has been referred to the

24  Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local

25  Rules 302 and 304.  Pending before the Court is the petition,

26  which was filed on January 31, 2012.

27       I.   Screening the Petition

28       Rule 4 of the Rules Governing § 2254 Cases in the United

1

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner alleges that he is an inmate of the Pleasant Valley State Prison (PVSP) located at Coalinga, California.  Petitioner complains that he lost thirty (30) days of credit as a result of a disciplinary finding by prison authorities that he had possessed an unauthorized medication. Petitioner raises the following claims: 1) the finding was based on evidence obtained by an unconstitutional search and seizure in the form of a cell search undertaken pursuant to an allegation made in retaliation for Petitioner's refusal to withdraw a grievance he had filed, and therefore in violation of Petitioner's First Amendment rights; 2) the finding was based on a failure to provide Petitioner with evidence that he had requested, including a) a rules violation report (RVR) concerning Petitioner's cellmate, inmate Leon, who Petitioner believed had admitted to ownership or responsibility for the unauthorized medication in the cell, b) the number of a previous grievance filed by Petitioner, which would have supported Petitioner's claim of retaliation, and c) a laboratory test to identify the medication, which Petitioner contends was required by specified California regulations, and without which a prison pharmacist's identification of the medication was insufficient; 3) Petitioner failed to receive notice twenty-four hours in advance of the hearing with respect to a new, lesser violation of possession of an unauthorized medication that the hearing officer ultimately found that Petitioner had committed, which deprived Petitioner of his right to prepare a defense to the new charge; and 4) the hearing officer was biased because he predetermined the issue of Petitioner's guilt as demonstrated by his failure to ask

3

1  Petitioner how he pled or to ask him anything about the evidence,

2  and his announcement that he was changing the charge and finding

3  Petitioner guilty.  (Pet. 4-5, 7.)

4      II.   <u>Retaliatory and Unreasonable Cell Search</u>

5      Because the petition was filed after April 24, 1996, the

6  effective date of the Antiterrorism and Effective Death Penalty

7  Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  <u>Lindh</u>

8  <u>v. Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert.</u> <u>denied</u>, 522 U.S. 1008

9  (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

10      A district court may entertain a petition for a writ of

11  habeas corpus by a person in custody pursuant to the judgment of

12  a state court only on the ground that the custody is in violation

13  of the Constitution, laws, or treaties of the United States.  28

14  U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362,

15  375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. –, –, 131 S.Ct. 13,

16  16 (2010) (per curiam).

17      Title 28 U.S.C. § 2254 provides in pertinent part:

18      (d) An application for a writ of habeas corpus on
    behalf of a person in custody pursuant to the

19      judgment of a State court shall not be granted
    with respect to any claim that was adjudicated

20      on the merits in State court proceedings unless
    the adjudication of the claim–

21

22      (1) resulted in a decision that was contrary to,
    or involved an unreasonable application of, clearly
    established Federal law, as determined by the

23      Supreme Court of the United States; or

24      (2) resulted in a decision that was based on an
    unreasonable determination of the facts in light

25      of the evidence presented in the State court
    proceeding.

26

27      Clearly established federal law refers to the holdings, as

28  opposed to the dicta, of the decisions of the Supreme Court as of

4

1 the time of the relevant state court decision.  <u>Cullen v.</u>

2 <u>Pinholster</u>, - U.S. -, 131 S.Ct. 1388, 1399 (2011); <u>Lockyer v.</u>

3 <u>Andrade</u>, 538 U.S. 63, 71 (2003); <u>Williams v. Taylor</u>, 529 U.S.

4 362, 412 (2000).  It is thus the governing legal principle or

5 principles set forth by the Supreme Court at the pertinent time.

6 <u>Lockyer v. Andrade</u>, 538 U.S. 71-72.

7     To the extent that Petitioner's claim concerning the

8 disciplinary adjudication and resulting credit loss rests on an

9 allegedly unreasonable cell search and seizure of cell contents

10 in violation of the Fourth and Fourteenth Amendments, it appears

11 that Petitioner is actually challenging the evidence relied upon

12 at the prison disciplinary hearing, which included reports

13 concerning medications which were found in the search of the

14 cell.

15     The Court is aware of no clearly established federal law

16 that would require the application of the exclusionary rule to

17 prison disciplinary proceedings.  Instead, the Supreme Court has

18 declined to extend the exclusionary rule to proceedings other

19 than criminal trial proceedings.  In <u>Pennsylvania Board of</u>

20 <u>Probation and Parole v. Scott</u>, 524 U.S. 357, 363 (1998), the

21 Court held that the exclusionary rule does not apply to state

22 parole revocation proceedings, and the Court emphasized its

23 previous decisions to decline to apply the exclusionary rule to

24 grand jury proceedings, civil tax proceedings, and civil

25 deportation proceedings.  The Court emphasized that the

26 exclusionary rule was incompatible with the traditionally

27 flexible, administrative procedures of parole revocation, which

28 affect only a conditional liberty and do not require the full

panoply of due process protections applicable to a criminal trial; further, the states have wide latitude under the Constitution to structure parole revocation proceedings, which usually involve informal, administrative procedures conducted by non-judicial staff, and which are not governed by the traditional rules of evidence.  Id. at 364-67.

The Court's reasoning in Scott applies with even greater force in the context of prison disciplinary proceedings, in which it is acknowledged that prison authorities have special expertise and broad discretion to carry out strong state interests in institutional control and safety, and due process procedural protections are limited to advance written notice of the claimed violation, a right to call witnesses and present documentary evidence where it would not be unduly hazardous to institutional safety or correctional goals, and a written statement of the finder of fact as to the evidence relied upon and the reasons for disciplinary action taken.  Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974).  Likewise, prison disciplinary procedures are relatively informal, prison staff serve as adjudicators, and the formal rules of evidence do not apply; indeed, the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.  Superintendent v. Hill, 472 U.S. 445, 454 (1985).  A court reviewing a prison disciplinary hearing is not required to examine the entire record, independently assess the credibility of witnesses, or weigh the evidence; instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

1 <u>Superintendent v. Hill</u>, 472 U.S. at 455-56.

2     Here, the disciplinary finding that Petitioner possessed

3 restricted medications was supported by some evidence in the form

4 of 1) the reporting employee's report of the search and the

5 discovery of the medications, which included Petitioner's

6 admission that the drugs were his, and 2) the pharmacist's drug

7 report.  (Pet. 40, 45-46.)

8     Further, as the following analysis will show, Petitioner was

9 not deprived of other procedural due process of law.

10     In addition to the absence of an evidentiary remedy for

11 Petitioner's claim, it is established that prisoners'

12 constitutional rights are subject to substantial limitations and

13 restrictions in order to allow prison officials to achieve

14 legitimate correctional goals and maintain institutional

15 security.  <u>O'Lone v. Estate of Shabazz</u>, 482 U.S. 342, 348-49

16 (1987); <u>Bell v. Wolfish</u>, 441 U.S. 520, 545-47 (1979).  Prisoners

17 have no reasonable expectation of privacy in their prison cells,

18 and the Fourth Amendment's prohibition of unreasonable searches

19 does not apply where prison officials conduct random or routine

20 searches of an inmate's cell.  <u>Hudson v. Palmer</u>, 468 U.S. 517,

21 529-30.  Prisoners are protected, however, against searches that

22 are calculated for the purpose of harassment unrelated to prison

23 needs.  <u>Hudson v. Palmer</u>, 468 U.S. at 530.

24     Notwithstanding the language in <u>Hudson</u>, in this circuit it

25 has been held that the Fourth Amendment right of people to be

26 secure against unreasonable searches and seizures "extends to

27 incarcerated prisoners; however, the reasonableness of a

28 particular search is determined by reference to the prison

context." Michenfelder v. Sumner, 860 F.2d 328, 332 (9th Cir. 1988). In Michenfelder, it was concluded that strip searches were reasonably related to legitimate penological interests and were reasonable in light of the balancing test set forth by the Supreme Court in Bell v. Wolfish, 441 U.S. 520 (1979). Michenfelder, 860 F.2d at 333.

Here, Correctional Officer Gallegos was conducting a cell search in an apparently routine manner and found the pills in a desk. Petitioner alleges that his past complaints against other officers and medical personnel in the prison were the genesis of prison authorities' decision to search his cell. However, the focus of this habeas corpus proceeding is not Petitioner's conditions of confinement, but rather the imposition of a disciplinary sanction of loss of time credits, a matter affecting the legality or duration of Petitioner's confinement. In this context, the significant factors are the searching officers' use of reasonable means to discover restricted medications in Petitioner's cell and Petitioner's admission that the drugs were his. (Pet. at 40.) All the documentation of the search submitted by Petitioner reflects that the search proceeded in a reasonable manner, and it revealed that present in the cell were medications that Petitioner admitted he possessed and that prison authorities in their discretion judged to be antithetical to the order and safety of the inmate population and to institutional security. The documentation thus establishes that the search was effectuated in a reasonable manner and pursuant to valid penological objectives. Based on what appears to be complete documentation of the incident, the search was reasonable.

It is concluded that Petitioner has not met his burden of showing that the means or object of the search exceeded appropriate penological bounds.  See, Michenfelder, 860 F.2d at 333.

In summary, Petitioner has not stated facts with respect to the search that would entitle him to habeas corpus relief.

To the extent that Petitioner claims that the cell search was retaliatory and violated his First Amendment rights, Petitioner appears to be complaining of his conditions of confinement.  See, Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

A habeas corpus petition is the correct method for a prisoner to challenge the legality or duration of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriquez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Habeas Rule 1, 1976 Adoption.

To the extent that Petitioner's allegations concern only the conditions of his confinement, Petitioner does not allege facts that point to a real possibility of constitutional error that affects the legality or duration of his confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and his claim should be dismissed.

Further, it appears that in all important respects, the

complete record of the disciplinary proceedings has been submitted to the Court with the petition. Thus, it does not appear that Petitioner could state a tenable claim for habeas corpus relief if he were granted leave to amend this claim. Therefore, it will be recommended that the claim of a retaliatory and unreasonable search and seizure be dismissed without leave to amend.

Should Petitioner wish to pursue his conditions claim, he must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983. The Clerk will be directed to send an appropriate form complaint to Petitioner.

III.   <u>Claims concerning the Evidence</u>

Petitioner claims that the disciplinary finding was a result of the failure to provide Petitioner with evidence that he had requested, including a) the RVR concerning Petitioner's cell mate, inmate Leon, who Petitioner believed had admitted to ownership or responsibility for any drugs in the cell, b) the number or report of the previous grievance, which would have supported Petitioner's claim of retaliation, and c) a lab test or identification of the medication as required by specified California regulations. Petitioner argues that the pharmacist's identification of the medication was insufficient because he failed to indicate if a controlled substance was in the medication.

As previously noted, the requirements of procedural due process in the context of prison disciplinary proceedings are minimal. Petitioner had a right to call witnesses and present documentary evidence if it was not unduly hazardous to

1  institutional safety or correctional goals.   Wolff v. McDonnell,

2  418 U.S. at 563-64.

3      Here, the documentation submitted by Petitioner reflects

4  that Petitioner did not request any witnesses at the hearing.

5  (Pet. 44.)   Petitioner did request that the written statement of

6  his cell mate, inmate Leon, made in his respective RVR, be

7  introduced at the hearing.   The hearing officer denied the

8  request on the grounds that the RVR was not authorized for the

9  particular hearing; however, the officer noted that Petitioner

10 could have called inmate Leon as a witness.   (Id.)   It clearly

11 appears from the documentation that Petitioner chose not to do

12 so.

13     In this respect Petitioner has failed to show how the

14 hearing officer's ruling was prejudicial.   The purpose of

15 introducing Leon's statement would have been to show that it was

16 Petitioner's cell mate who was responsible for the drugs in the

17 cell.   If Petitioner had called Leon as a witness, Leon could

18 have testified to his responsibility, if any, for the presence of

19 the medication in the cell.   Thus, the hearing officer's ruling

20 does not appear to have resulted in any prejudicial effect.

21     It is recognized that generally, a failure to meet a prison

22 guideline regarding a disciplinary hearing would not alone

23 constitute a denial of due process.   See, Bostic v. Carlson, 884

24 F.2d 1267, 1270 (9th Cir. 1989).   In the absence of controlling

25 authority, several courts have concluded that to establish a

26 denial of due process of law, prejudice is generally required.

27 See, Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also

28 Tien v. Sisto, Civ. No. 2:07-cv-02436-VAP (HC), 2010 WL 1236308,

1  at *4 (E.D.Cal. Mar. 26, 2010) ("While neither the United States

2  Supreme Court or the Ninth Circuit Court of Appeals has spoken on

3  the issue, numerous federal Courts of Appeals, as well as courts

4  in this district, have held that a prisoner must show prejudice

5  to state a habeas claim based on an alleged due process violation

6  in a disciplinary proceeding") (citing Pilgrim v. Luther, 571

7  F.3d 201, 206 (2d Cir. 2009); Howard v. United States Bureau of

8  Prisons, 487 F.3d 808, 813 (10th Cir. 2007); Piggie v. Cotton,

9  342 F.3d 660, 666 (7th Cir. 2003); Elkin v. Fauver, 969 F.2d 48,

10 53 (3d Cir. 1992); Poon v. Carey, No. Civ. S-05-0801 JAM EFB P,

11 2008 WL 5381964, at *5 (E.D.Cal. Dec. 22, 2008); Gonzalez v.

12 Clark, No. 1:07-CV-0220 AWI JMD HC, 2008 WL 4601495, at *4

13 (E.D.Cal. Oct. 15, 2008)).

14     Petitioner states that the written statement of the inmate

15 could not have been falsified.  However, Petitioner had the

16 opportunity to call the witness himself and could have personally

17 asked the inmate any questions concerning the incident.  Because

18 Petitioner could have called the inmate, Petitioner cannot show

19 that the denial of permission to introduce the report caused him

20 any harm.

21     With respect to the number or report of the Petitioner's

22 previous grievance, which Petitioner contends would have

23 supported Petitioner's claim of retaliation, the hearing officer

24 denied Petitioner's request because the "602" form filed against

25 officers Kahn and Diaz was irrelevant because the RVR against

26 Petitioner had been written by Officer Gallegos, and not by one

27 of the other officers involved in the grievance.  (Pet. 44.)

28     The right to call witnesses and to present evidence at a

disciplinary hearing is limited by the prison authorities'
discretion concerning undue hazards to institutional safety or
correctional goals.  Wolff v. McDonnell, 418 U.S. at 563-64.
The right to call witnesses is circumscribed by the necessary
mutual accommodation between institutional needs and objectives
and the provisions of the Constitution that are of general
application; thus, the Supreme Court has noted that a
disciplinary authority may decline to allow an inmate to call a
witness for irrelevance, lack of necessity, or hazards presented
in individual cases.  Baxter v. Palmigiano, 425 U.S. 308, 321
(1976).  A prison disciplinary hearing officer's decision that an
inmate's request to call witnesses may properly be denied as
irrelevant, unnecessary, unduly prolonging the hearing, or
jeopardizing of prison safety, is entitled to deference from the
Court.  See, Wolff v. McDonnell, 418 U.S. at 563-64; Ponte v.
Real, 471 U.S. 491, 497-98 (1985); Neal v. Shimoda, 131 F.3d 818,
831 (9th Cir. 1997); Zimmerlee v. Keeney, 831 F.2d 183, 187 (9th
Cir. 1987).

     Here, Petitioner has not shown that the hearing officer's
decision to exclude information concerning the unrelated
grievance was unreasonable or an abuse of discretion.  Petitioner
has not submitted any information that would render the hearing
officer's decision arbitrary or unreasonable.  Petitioner has not
alleged any specific facts showing how the evidence was relevant
to entirely different charges involving a different incident.
Petitioner has not suggested how the previous grievance would
have any bearing on the fairness of the disciplinary processes or
Petitioner's admitted responsibility for the disciplinary

1  misconduct in the present case.  Because the facts of

2  Petitioner's case do not point to a real possibility of

3  constitutional error, Petitioner's claim concerning evidence of

4  the previous grievance should be dismissed.

5      With respect to the absence of laboratory testing of the

6  medication found in Petitioner's cell, the hearing officer denied

7  Petitioner's request for testing because a state regulation

8  provided that testing was not necessary where the identification

9  of the medication had been confirmed by a pharmacist.  (Pet. 44.)

10 The documentation establishes that Petitioner was found to have

11 been in possession of Gabapentin and Tramadol, which were

12 classified not as controlled substances, but as drugs that were

13 to be consumed by direct observation therapy only, or,

14 specifically, not to be in the possession of an inmate outside

15 the direct supervision of medical staff.  (Id. at 46.)

16     Further, because Petitioner was ultimately adjudicated as

17 having been responsible for possessing only an unauthorized

18 medication, as distinct from a medication containing a controlled

19 substance, Petitioner does not show how he suffered any prejudice

20 from the absence of drug testing for a controlled substance.  A

21 prison pharmacist's report of the pharmacist's own observation of

22 the physical characteristics of pharmaceuticals that had been

23 dispensed within the institution constituted some evidence in

24 support of the hearing officer's decision.  Thus, the evidence

25 met constitutional standards.

26     Accordingly, it is concluded that with respect to his claims

27 related to the evidence at the hearing, Petitioner is not

28 entitled to relief.  The documentation submitted by Petitioner in

14

1  support of the petition shows that Petitioner has not stated
2  claims warranting relief in a proceeding pursuant to § 2254.

3      It will thus be recommended that the claims be dismissed.

4      IV.  <u>Sufficiency of Notice of the Accusation</u>

5      Although Petitioner does not challenge the notice he
6  received concerning the charge of possessing medication
7  containing a controlled substance, he complains that with respect
8  to the lesser charge of possessing medication that was only for
9  direct observation therapy (DOT), he received notice only after
10  the hearing when the hearing officer informed him that the
11  adjudication would be of the lesser charge.  Petitioner complains
12  of a failure to receive notice of the new, lesser charge twenty-
13  four hours in advance of the hearing, which he generally asserts
14  deprived him of an opportunity to prepare a defense to the
15  charge.

16      In <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1270-71 (9th Cir.
17  1989), an inmate was found to have committed the disciplinary
18  violation of possession of contraband (stolen sandwiches) and was
19  assessed a forfeiture of thirty days of credit.  In the incident
20  report, the violation was described as "stealing."  The prisoner
21  sought relief under § 2241 for alleged due process violations.
22  The court stated the following with respect to the adequacy of
23  the notice given to the prisoner:

24      Nor does appellant assert that the officer's
        description of the incident as "stealing" rather than
25      as "possession of contraband" in the incident report
        deprived him of the opportunity to present a proper
26      defense. The incident report described the factual
        situation that was the basis for the finding of guilt
27      of possession of contraband and alerted Bostic that
        he would be charged with possessing something he did
28      not own. *Cf. Wolff*, 418 U.S. at 563-64, 94 S.Ct. at

15

2978-79 (stating that "the function of [the] notice [of a claimed violation] is to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are"). The incident report adequately performed the functions of notice described in *Wolff. See id.*

Bostic v. Carlson, 884 F.2d at 1270-71.

Here, the RVR described the factual situation that was the basis for the finding of guilt of either offense and alerted Petitioner that he would be charged with possessing a drug that he was not supposed to have possessed in his cell. Petitioner has not stated how his defense to the charge would have been different had the charging allegation been different. In view of Petitioner's documented admission that he possessed the drug, it is difficult for the Court to envision what defense Petitioner would have offered. Petitioner has failed to show how he suffered any confusion, loss of opportunity to defend, or other prejudice from the hearing officer's reduction of the charge after the hearing.

It is concluded that Petitioner has not alleged facts that show that his right to due process of law was violated by the notice given to him concerning the disciplinary offenses.

It will thus be recommended that Petitioner's claim be dismissed.

V.  Bias of the Hearing Officer

Petitioner argues that the hearing officer was biased because he predetermined the issue of Petitioner's guilt as demonstrated by his failure to ask Petitioner how he pled or to ask him anything about the evidence, and his announcement that he was changing the charge and finding Petitioner guilty.

1   A fair trial in a fair tribunal is a basic requirement of

2   due process.  In re Murchison, 349 U.S. 133, 136 (1955).

3   With respect to the employment of prison staff to adjudicate

4   disciplinary charges, the Supreme Court has ruled that a

5   committee of correctional officers and staff, acting with the

6   purpose of taking necessary disciplinary measures to control

7   inmate behavior within acceptable limits, was sufficiently

8   impartial to conduct disciplinary hearings and impose penalties

9   that included revocation of good time credits.  Wolff v.

10  McDonnell, 418 U.S. 539, 570-71 (1974).

11  More generally, fairness requires an absence of actual

12  bias and of the probability of unfairness.  Id. at 136.  Bias may

13  be actual, or it may consist of the appearance of partiality in

14  the absence of actual bias.  Stivers v. Pierce, 71 F.3d 732, 741

15  (9th Cir. 1995).  A showing that the adjudicator has prejudged,

16  or reasonably appears to have prejudged, an issue is sufficient.

17  Kenneally v. Lungren, 967 F.2d 329, 333 (9th Cir. 1992).

18  However, there is a presumption of honesty and integrity on

19  the part of decision makers which may be overcome by evidence of

20  a risk of actual bias or prejudgment based on special facts and

21  circumstances.  Withrow v. Larkin, 421 U.S. 35, 46-47, 58 (1975).

22  The mere fact that a decision maker denies relief in a given

23  case or has denied relief in the vast majority of cases does not

24  demonstrate bias.  Stivers v. Pierce, 71 F.3d at 742.  This is

25  because unfavorable judicial rulings alone are generally

26  insufficient to demonstrate bias unless they reflect such extreme

27  favoritism or antagonism that the exercise of fair judgment is

28  precluded.  Liteky v. United States, 510 U.S. 540, 555 (1994).

Here, the documentation provided by Petitioner reflects that the charge was read to Petitioner, and Petitioner pled not guilty and stated that he was not guilty of unauthorized possession of a controlled substance.  Further, it notes that Petitioner asserted in his defense the fact that the pharmacist did not identify the substance contained in the medication, and he stated that the language (presumably "controlled substance") belonged in the Health and Safety Code.  (Pet. 44.)

Thus, it appears that the question of Petitioner's plea to the violation was raised at the hearing, and that Petitioner entered a plea.

Further, Petitioner was not entitled to be examined at the hearing, so the hearing officer's failure to do so is not probative of bias.

The mere fact that the hearing officer found Petitioner guilty is not sufficient to establish bias.  Further, the finding of guilt of a lesser offense after the conclusion of the hearing appears to have benefitted Petitioner and not to have harmed him. The documentation does not contain any specific facts that would overcome the presumption that the hearing officer was impartial. It is thus concluded that the fully documented facts submitted by Petitioner do not point to a real possibility of constitutional error in connection with hearing officer's impartiality.

It is concluded that the claim should be dismissed.

In summary, the allegations of the petition and the supporting documentation demonstrate that Petitioner is not entitled to relief on his claims concerning the disciplinary proceedings that resulted in the finding that he possessed an

unauthorized medication.  Because all the claims are fully
documented, it does not appear that Petitioner could state a
tenable claim for relief if leave to amend were granted.
Accordingly, it will be recommended that the petition be
dismissed without leave to amend.

VI.   <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of
appealability, an appeal may not be taken to the Court of Appeals
from the final order in a habeas proceeding in which the
detention complained of arises out of process issued by a state
court.  28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537
U.S. 322, 336 (2003).  A certificate of appealability may issue
only if the applicant makes a substantial showing of the denial
of a constitutional right.  § 2253(c)(2).  Under this standard, a
petitioner must show that reasonable jurists could debate whether
the petition should have been resolved in a different manner or
that the issues presented were adequate to deserve encouragement
to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336
(quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A
certificate should issue if the Petitioner shows that jurists of
reason would find it debatable whether the petition states a
valid claim of the denial of a constitutional right and that
jurists of reason would find it debatable whether the district
court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>,
529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of
the claims in the habeas petition, generally assesses their
merits, and determines whether the resolution was debatable among

jurists of reason or wrong.  Id.  It is necessary for an

applicant to show more than an absence of frivolity or the

existence of mere good faith; however, it is not necessary for an

applicant to show that the appeal will succeed.  Miller-El v.

Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of

appealability when it enters a final order adverse to the

applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could

debate whether the petition should have been resolved in a

different manner.  Petitioner has not made a substantial showing

of the denial of a constitutional right.

Accordingly, it will be recommended that the Court decline

to issue a certificate of appealability.

VII.  Recommendations

In accordance with the foregoing, it is RECOMMENDED that:

1)  The petition be DISMISSED without leave to amend because

Petitioner has failed to state facts entitling him to relief in a

proceeding pursuant to 28 U.S.C. § 2254; and

2)  The Court DECLINE to issue a certificate of

appealability; and

3)  The Clerk be DIRECTED to send to Petitioner a blank

civil rights complaint form, and to close the case because an

order of dismissal would terminate the action in its entirety.

These findings and recommendations are submitted to the

United States District Court Judge assigned to the case, pursuant

to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of

the Local Rules of Practice for the United States District Court,

Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 2, 2012**                    **/s/ Barbara A. McAuliffe**
                                                 UNITED STATES MAGISTRATE JUDGE