UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EMELITO EXMUNDO, | ) | 1:12-cv—00143-AWI-BAM-HC |
| | ) | |
|         Petitioner, | ) | ORDER DENYING PETITIONER'S MOTION |
| | ) | FOR RECONSIDERATION OF THE |
| | ) | DISMISSAL OF THE PETITION (DOCS. |
|   v. | ) | 10, 7-9) |
| | ) | |
| R. H., TRIMBLE, Acting Warden, | ) | ORDER DECLINING TO ISSUE A |
| | ) | CERTIFICATE OF APPEALABILITY |
|         Respondent. | ) | |
| | ) | |
| | ) | |

    Petitioner is a state prisoner who proceeded pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is Petitioner's motion for reconsideration of the dismissal of the petition, which was filed on April 26, 2012.

    I.   <u>Background</u>

    On March 2, 2012, the Magistrate Judge issued findings and recommendations to dismiss the petition and to decline to issue a certificate of appealability. The findings and recommendations informed Petitioner that objections were due within thirty days of service, and they were mailed to Petitioner on the day they were filed. (Docs. 7-9.) No objections were filed within the pertinent period. On April 24, 2012, the Court adopted the

1

findings and recommendations to dismiss the petition without leave to amend, and the case was dismissed.

In the motion for reconsideration, Petitioner states that he does not object to the findings and recommendations, but rather he is requesting reconsideration of facts, and he is submitting the request to clarify factual misunderstandings. His request is verified. His request will be considered as a request for reconsideration of the Court's dismissal of his petition.

In the dismissed petition, Petitioner raised various claims concerning a prison disciplinary finding that he was guilty of unauthorized possession of medications.[1] Petitioner's claims were analyzed in the findings and recommendations, which were adopted in full by the Court in connection with its order of dismissal.

II. Motion for Reconsideration

A. Legal Standards

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on various grounds, including 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence;

---

[1] Petitioner had argued that the evidence supporting the findings was a result of an unconstitutional and retaliatory search of Petitioner's cell and seizure of medication therein. He had contended that he suffered violations of his right to due process of law because the hearing officer was biased, failed to provide Petitioner with a rules violation report and information concerning a previous grievance filed by Petitioner, and deprived Petitioner of his right to prepare a defense to the charges by failing to provide Petitioner with notice twenty-four hours in advance of a hearing with respect to a new, lesser violation of possession of an unauthorized medication that the hearing officer ultimately found that Petitioner had committed. Petitioner also claimed that state law required evidence of a laboratory test to identify the medication.

2

3) fraud or misconduct by an opposing party; 4) a void judgment; 5) a satisfied judgment; or 6) any other reason that justifies relief from the judgment.  Fed. R. Civ. P. 60(b).  Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision.  See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988).  The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'"  LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)).  Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

Further, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," as well as "why the facts or circumstances were not shown at the time of the prior motion."

A district court may properly deny a motion for reconsideration that simply reiterates an argument already presented by the petitioner.  Maraziti v. Thorpe, 52 F.3d 252, 255 (9th Cir. 1995).

B.  Analysis

1.  Laboratory Testing of the Medication

Petitioner states that California regulations require a field test to identify medications as a safeguard against arbitrary findings of possession of controlled substances.

However, this claim is based on state law. Such a claim does not provide a basis for relief pursuant to Rule 60 because it is not cognizable in this proceeding. Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

2.  Bias

Petitioner points to what he alleges are additional grounds for a finding of bias on the part of the hearing officer, including the officer's failure to provide Petitioner a rules violation report (RVR) and to give Petitioner post-hearing notice that he was finding Petitioner not guilty of the more serious offense of possession of a controlled substance but guilty of the lesser offense of unauthorized possession of medication. Petitioner also points to what he characterizes as an absence of any legitimate evidence in support of his guilt.

The findings and recommendations noted that an adjudicator's unfavorable rulings in the course of litigation generally do not constitute evidence of bias and are not sufficient to overcome the presumption of fairness given to a hearing officer's rulings. (Doc. 7, 17-18.) Petitioner's separate contentions concerning the adequacy of the evidence to support the finding and the constitutionality of the hearing officer's finding of guilt of a lesser violation without a second hearing were addressed as well.

4

(<u>Id.</u> at 10-15.)  In the present application, Petitioner has not alleged new facts or set forth any legal grounds that would entitle him to relief under Rule 60 with respect to his claim of bias on the part of the hearing officer.

### 3. Notice

Petitioner reiterates his claim that he was entitled to another hearing before the hearing officer concluded that he was guilty of a lesser violation based on the evidence produced at the disciplinary hearing on the greater violation.  However, Petitioner has not alleged any new facts or set forth any additional grounds for relief except to refer somewhat indirectly to the hearing officer's having consulted with another lieutenant, whom Petitioner does not name, and to allege generally that a second hearing was held on April 22, 2010, which has been concealed from the record.  (Doc. 10, 2-3.)

Petitioner's conclusional assertions are not borne out by the record, which reflects that the hearing officer's decision was based on specified evidence, including the pharmacist's report concerning the medication and the reporting employee's written report documenting Petitioner's admission that the medications were his.  (Pet. 45.)

### 4. State Regulatory Law

Petitioner's argument that the disciplinary procedures in his case violated state regulations concerning the manner in which disciplinary hearings are to be held does not warrant relief under Rule 60 because, as previously set forth, a claim based on state law is not cognizable in a proceeding pursuant to 28 U.S.C. sec. 2254.

5

5. <u>Cell Search</u>

Petitioner simply reiterates his claim that his First Amendment rights were violated by the search of his cell and the seizure of medications discovered in the course of the search. In dismissing this claim without leave to amend, the Court ruled that Petitioner's claim related to conditions of confinement and could be raised in an action undertaken pursuant to 42 U.S.C. sec. 1983. Petitioner has not shown any basis for relief from this determination.

To the extent that Petitioner complains of a violation of a right to be free from unreasonable searches and seizures, Petitioner has not presented any new facts or legal basis warranting relief from the determination that he had not demonstrated that the search of his cell was unreasonable.

Petitioner has not presented any new facts or any other basis for relief from the Court's determination that Petitioner had not established the prejudice that must be shown in order to be entitled to relief pursuant to section 2254. Petitioner's assertion that the pills were planted lacks a foundation, and his specific allegation that the whole pills discovered in his cell could not have been his because the medications he was given by prison staff were in a crushed form, are undercut by the record evidence of his admission that the seized substances were indeed his.

In summary, Petitioner has not alleged any new facts, circumstances of an extraordinary nature, or any other ground that pursuant to Rule 60 would warrant relief from the Court's dismissal of the petition.

1    Accordingly, the request for reconsideration will be denied.

2    III.  Certificate of Appealablity

3    Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  Under 28 U.S.C. section 2253, as amended by the AEDPA, a court properly considers whether or not to issue a certificate of appealability with respect to the denial of a motion to reconsider a dispositive order in a habeas proceeding pursuant 28 U.S.C. section 2254.  Langford v. Day, 134 F.3d 1381, 1382 (9th Cir. 1998).

A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of

7

the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, the Court will decline to issue a certificate of appealability.

IV. Disposition

In accordance with the foregoing analysis, it is ORDERED that:

1) Petitioner's motion for reconsideration of the dismissal of the petition is DENIED; and

2) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: May 10, 2012

CHIEF UNITED STATES DISTRICT JUDGE

8